Johnson, J.
delivered the opinion of the Court.
The whole of the grounds taken for a new trial in this case may be comprised in two; 1. Whether the evidence is sufficient to charge the defendant ; 2. Whether the amount of the verdict is warranted upon no other evidence of the value of the negro than her description and character. By the express terms of the contract, the plaintiff was not to derive any pecuniary advantage from permitting the negro Catharine to remain on the plantation with the rest of the negroes, a laudable indulgence and humanity must therefore have been the only inducement, as the defendant would have been bound to have provided every thing that was necessary for the others. That the defendant expected, and did derive a benefit from it, I think is equally clear; for in the character of a cook and a nurse, in which service she was to be employed, it appears that she was' considered as useful and valuable; but independent of every other circumstance, the fact of his having employed her in a different service than that contemplated by the contract, sufficiently proves it. The case, therefore, falls within that description of bailment where the greatest care *120 and attention is necessary to discharge the bailee in case of loss. The question then is, has the defendant exercised the necessary care and at-in relation to this negro ? It is not necessary here to determine whether the mere fact of sending her to Charleston, in express violation of the contract, is of itself sufficient, to charge him, for it must appear that the loss was the immediate consequence of that act, and his liability is the more obvious, when it is recollected that on the 12th of March he is warned of the danger she is in, and yet he permitted her to remain exposed to the contagion of this dreadful malady until the 18th of April. But it is insisted that there is not sufficient evidence that she did take the small pox while in Charleston, or that she died with that disease. It is in evidence, however, that she was there on the 12th of March, and that she remained there until the 18th of April, when it appears it had broken out on her, and it would be difficult to induce a belief that the infection was not taken during that period, more especially as it does not appear that she was exposed to it in any other situation. I think it also equally certain that it was of that disease she died. The defendant, in his letter of the 18th of April, speaks of it as a thing which is certain, but entertains a distant hope that it is not so; and in his letter of the 15th of May, he directs that her clothes shall not be sent to the plantation; obviously with a view'of guarding *121 against the possibility of disseminating the contagion: and, in frequent conversations with the ' witness, Patterson, he spoke of it as a thing certain, and never once questioned the fact. Who, let me ask, was more interested, and more likely to be correctly informed than the defendant, as to this fact ? And his declarations, in my mind, are as conclusive against him, as if it had been proven in the most unequivocal manner. If he had afterwards found out that he had been mistaken in this particular, the means of showing it was peculiarly in his power, and his not having even attempted it, makes the presumption irresistible ; at any rate the Jury were satisfied with it, and I see no reason for differing with them. The liability of the defendant will, I think, also appear from another view of this case. When A A property is bailed for a particular purpose, if it i m i is used tor a different purpose, and a loss happens, the bailee is liable, even if it appear that he has used due care and attention / the legal presumption being that the loss happened in consequence of this misuser. Assuming the fact then that the loss in this case happened in consequence of the negro’s being sent to Charleston in direct violation of the contract, the liability of the defendant is established, but independent of the legal presumption, there is abundant proof that such was the fact.
w^r®.property is bailed fop poSer“caídr¡tui¡ used fop a dill'epentpurpose, and eveftLgif’he oape>&<:-
It is true that the evidence, as to the value of the negro, which may be considered as a datum, *122 by which to measure the damages, is not so conclusive as is always desirable; yet when I see that the verdict is within the bounds of probability, I do not think that a sufficient ground for a new trial. It is not in the nature of things to fix the value of this or any other species of property with mathematical certainty, and it is not difficult to conceive of a case in which it would be impossible to obtain even the opinion of persons who were conversant with the value of a particular article, except from its description and character. This might happen when the only witness of its identity was really ignorant of its value, or if a witness should capriciously refuse to give an opinión, I know of no means of compelling him; for it is easily evaded by saying he had no opinion on the subject. Better evidence, however, may usually be obtained, and is always desirable, and in the absence of it a Jury ought to be cautious in giving great damages. Their verdict, however, in this case, appears to me to be within reasonable bounds; and I am not disposed to disturb it.
Cogdell, for the motion.
T. S. Grimke, contra.
I am" of opinion that the motion for a new trial ought to be discharged.
The other Judges concurred.